# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joseph Michael Franco

      Plaintiff

                            Case Number:

v.

                                    **COMPLAINT**

John Grant, in his official and individual capacities,

                        09cv 552 JRT/SRN

Andy Speakman, in his official and individual capacities,

Adam MacDonald, in his official and individual capacities,

Other Unknown Agents of Dakota County Drug Task Force

Don Gudmenson, in his official and individual capacities,

Dakota County Drug Task Force,

Dakota County Sheriff Department,

BioTec Emergency Services,

Andy Bohlen, in his official and individual capacities,

Steve Klehr, in his official and individual capacities,

Lakeville Police Department,

City of Lakeville,

Dakota County Attorney's Office,

County of Dakota,

                  Defendants.

SCANNED

MAR 08 2009
09
U.S. DISTRICT COURT ST. PAUL

## INTRODUCTION

Joseph Franco of Minnesota hereby asserts the following claims against the defendants in the above-entitled action:

**(1)** violation of 42 U.S.C. 1983: arrest,

**(2)** violation of 42 U.S.C. 1983: detention and confinement,

**(3)** violation of 42 U.S.C. 1983: conspiracy,

**(4)** violation of 42 U.S.C. 1983: refusing or neglecting to prevent,

**(5)** violation of 42 U.S.C. 1983: violation of due process,

**(6)** malicious abuse of process,

**(7)** intentional infliction of emotional distress,

**(8)** negligent infliction of emotional distress,

**(9)** violation of Minn Stat. 609.765: criminal defamation,

**(10)** violation of Minn Stat. 626.04: failure to retain property,

**(11)** violation of Minn Stat, 609.43: misconduct of public officer or employee,

**(12)** violation of Minn Stat. 609.47: interference with property in official custody and,

**(13)** violation of Minn Stat. 609.77: false information to news media

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

3. Additional jurisdiction and authority arises under *Bivens v Six Unknown Fed. Narcotics Agents*, 403 U.S. 388.

## PARTIES

4. Plaintiff JOSEPH MICHAEL FRANCO is a natural person residing at 4001 160th Street East #B, Rosemount, Minnesota, United States of America, and was a resident of the state of Minnesota during all times of this action.

5. Defendant JOHN GRANT is a natural person, residence unknown, is a law enforcement officer employed by Dakota County Drug Task Force and Dakota County Sheriff's Office, 1580 Highway 55, Hastings, Minnesota, United States of America during all relevant times of this action. JOHN GRANT is a Captain with Dakota County Sheriff's Office and is agent in charge of Dakota County Drug Task Force.

6. Defendant ANDY SPEAKMAN is a natural person, residence unknown, is/was a law enforcement officer employed by Dakota County Drug Task Force, 1580 Highway 55, Hastings, Minnesota, United States of America, and Eagan Police Department, 3830 Pilot Knob Road, Eagan, Minnesota, United States of America during all relevant times of this action.

7. Defendant ADAM MACDONALD is a natural person, residence unknown, is/was a law enforcement officer employed by Dakota County Drug Task Force, 1580 Highway 55, Hastings, Minnesota, United States of America, and Lakeville Police Department, 9237 183rd Street, Lakeville, Minnesota, United States of America during all relevant times of this action.

8. OTHER AGENTS OF DAKOTA COUNTY DRUG TASK FORCE are defendant(s) who are unknown to
the plaintiff at this time who participated in the actions detailed in this complaint and are liable for infliction
of damages upon the plaintiff.

9. Defendant DON GUDMENSON is a natural person, residence unknown, is a law enforcement officer
employed by Dakota Sheriff's Office, 1580 Highway 55, Hastings, Minnesota, United States of America,
during all relevant times of this action. DON GUDMENSON is the head of the Dakota County Sheriff
Department.

10. Defendant DAKOTA COUNTY DRUG TASK FORCE is a law enforcement agency operated and
controlled by the Dakota County Sheriff Department, 1580 Highway 55, Hastings, Minnesota. DAKOTA
COUNTY DRUG TASK FORCE agents and employees are generally law enforcement employees of other
local law enforcement agencies in Dakota County, Minnesota, United States of America.

11. Defendant DAKOTA COUNTY SHERIFF DEPARTMENT is a law enforcement agency located at 1580
Highway 55, Hastings, Minnesota, United States of America. DAKOTA COUNTY SHERIFF
DEPARTMENT is the agency operating and controlling the Dakota County Drug Task Force.

12. Defendant BIO-TEC EMERGENCY SERVICES is a business located at 29679 295TH Lane
Lindstrom, Minnesota, United States of America. This defendant is operating under a certificate of assumed
name issued by the Minnesota Secretary of State. Identification of the owner is not yet available to plaintiff.
Defendant BIO-TEC EMERGENCY SERVICES includes and refers to the owner and operator(s) of said
business.

13. Defendant ANDY BOHLEN is a natural person, residence unknown, is/was a law enforcement officer employed by Lakeville Police Department, 9237 183rd Street, Lakeville, Minnesota, United States of America during all relevant times of this action.

14. Defendant STEVE KLEHR is a natural person, residence unknown, is/was a law enforcement officer employed by Lakeville Police Department, 9237 183rd Street, Lakeville, Minnesota, United States of America during all relevant times of this action.

15. Defendant LAKEVILLE POLICE DEPARTMENT is a law enforcement agency located at 9237 183rd Street, Lakeville, Minnesota, United States of America.

16. Defendant CITY OF LAKEVILLE is a city/municipality located in Dakota County, Minnesota, United States of America. CITY OF LAKEVILLE operates from Lakeville City Hall located at 20195 Holyoke Avenue, Lakeville, Minnesota, United States of America. CITY OF LAKEVILLE funds, operates and controls the Lakeville Police Department.

17. Defendant DAKOTA COUNTY ATTORNEY'S OFFICE is the primary prosecuting office for criminal matters in Dakota County Court, Minnesota, United States of America. DAKOTA COUNTY ATTORNEY'S OFFICE is located at 1560 Highway 55, Hastings, Minnesota, United States of America.

18. Defendant DAKOTA COUNTY is a county/municipality located in Minnesota, United States of America. DAKOTA COUNTY operates from the Dakota County Administration Center, 1590 Highway 55, Hastings, Minnesota, United States of America. Defendant DAKOTA COUNTY funds, operates and controls the Dakota County Sheriff Department. Defendant DAKOTA COUNTY funds, operates and controls the Dakota County Attorney's Office. Defendant DAKOTA COUNTY operates Dakota County Courts which are part of the First Judical District, State of Minnesota, United States of America.

19. Plaintiff sues all public employees in their official and individual capacities.

20. At all times material to this Complaint, Defendants John Grant, Andy Speakman and Adam MacDonald acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Minnesota, County of Dakota, Dakota County Drug Task Force and Dakota County Sheriff Department.

21. At all times material to this Complaint, Defendant Andy Speakman acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Minnesota, County of Dakota, Dakota County Drug Task Force and City of Eagan Police Department.

22. At all times material to this Complaint, Defendant Adam MacDonald acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Minnesota, County of Dakota, Dakota County Drug Task Force and City of Lakeville Police Department.

23. At all times material to this Complaint, Defendant Other Agents of Dakota County Drug Task Force acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Minnesota, County of Dakota, Dakota County Drug Task Force and Dakota County Sheriff Department.

24. At all times material to this Complaint, Defendant Bio-Tec Emergency Services acted toward plaintiff, under the direction of agents of Dakota County Drug Task Force, under color of the statutes, ordinances, customs, and usage of the State of Minnesota, County of Dakota, Dakota County Drug Task Force and Dakota County Sheriff Department. Additionally Defendant Bio-Tec Emergency Services acted without color of state law as a company.

25. At all times material to this Complaint, Defendant Andy Bohlen acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Minnesota, City of Lakeville, and city of Lakeville Police Department.

26. At all times material to this Complaint, Defendant Steve Klehr acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Minnesota, City of Lakeville, and city of Lakeville Police Department.

27. At all times material to this Complaint, Defendant Don Gudmenson acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Minnesota, County of Dakota, and Dakota County Sheriff Department.

## FACTS

28. On or about March 10, 2007 Defendant Steve Klehr of the Lakeville Police Department applied for and received warrant from the Dakota County court to search plaintiff's residence.

29. On or about March 10, 2007 Officers and personnel with Lakeville Police Department, Dakota County Sheriff Department and other local law enforcement agencies executed warrant at plaintiff's residence, under the direction and control of defendants Steve Klehr and Andy Bohlen.

30. On or about March 10, 2007 plaintiff was forcibly removed from his residence, detained and arrested by personnel under the direction and control of defendants Steve Klehr and Andy Bohlen. Plaintiff was imprisoned by Dakota County Sheriff Department for a period of six days.

31. On or about March 10, 2007 over twenty items were removed and seized from plaintiff's residence by personnel under the direction and control of defendants Steve Klehr and Andy Bohlen. These items included but were not limited to firearms and accessories valued in excess of $5,000.

32. On or about March 10, 2007 Defendant Andy MacDonald of the Dakota County Drug Task Force and Lakeville Police Department applied for and received warrant from the Dakota County court to search plaintiff's residence.

33. On or about March 10, 2007 agents and personnel with Dakota County Drug Task Force executed warrant at plaintiff's residence, under the direction and control of defendants Adam MacDonald and John Grant.

34. On or about March 10, 2007 over 70 items were removed and seized from plaintiff's residence by personnel under the direction and control of defendants Adam MacDonald and John Grant. These items included but were not limited to chemicals and chemistry equipment valued in excess of $6,000.

35. On or about March 10, 2007 at the direction of Adam MacDonald and other personnel of Dakota County Drug Task Force, defendant Bio-Tech Emergency Services removed and subsequently destroyed plaintiff's property.

36. On or about March 10, 2007 at the direction of Adam MacDonald and other personnel of Dakota County Drug Task Force, plaintiff's residence was sealed and condemned as a clandestine methamphetamine laboratory. Plaintiff was required to obtain testing and results at his own expense to establish that methamphetamine manufacture had not occurred at plaintiff's residence. On or about March 28, 2007 plaintiff's residence was unsealed per Dakota County's Environmental Management Department after receiving test results establishing no contamination of the residence.

37. On or about March 10, 2007 defendant John Grant made statements to the local media concerning plaintiff, plaintiff's residence, chemicals and methamphetamine. Defendant John Grant's statements were aired by local television stations and printed in local media.

38. On or about March 13, 2007 plaintiff was charged by Dakota County Attorney's Office in Dakota County court with assault in the second degree, interference with an emergency call, possession of substances with intent to manufacture methamphetamine, and child endangerment related to possession of substances with intent to manufacture methamphetamine.

39. On or about June 5 2007 Dakota County Court at hearing in the matter of Countryview v. Joseph Franco and Lisa Franco, Dakota County case no. 19-C2-07-013403, did not find any intent to manufacture methamphetamine by the plaintiff after Defendants Adam MacDonald, Steve Klehr, Andy Bohlen and other employees of the Lakeville Police Department testified and presented evidence against plaintiff.

40. On or about July 24, 2007 Defendant Dakota County Attorney's Office did file motion with the Dakota County court and Dakota County court ordered plaintiff to remove written statements and photographs from plaintiff's internet website and to not publish certain materials or statements related to the March 10, 2006 incident at plaintiff's residence.

41. On or about September 27, 2007 Defendants Adam MacDonald, Andy Bohlen and John Grant provided defendant Dakota County Attorney's Office with materials from the internet to be used against plaintiff.

42. On or about November 1, 2007 defendants adam MacDonald, John Grant and Dakota County Attorney's office attempted to prosecute plaintiff for contempt of court for alleged publication of materials and statements arising and related to the March 10, 2006 incident at plaintiff's residence.

43. All hearings and filings by Dakota County Attorney's Office in relation to plaintiff's website and alleged websites interfered with plaintiff's scheduled contested omnibus hearings.

44. On or about July 24, 2008 charges against plaintiff for possession of substances with intent to manufacture methamphetamine, interference with an emergency call and child endangerment were dismissed as part of a plea agreement.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: ARREST

45. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. Acting under the color of law, Defendants worked a denial of plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit, by depriving plaintiff of his liberty without due process of law, by taking him into custody and holding him there against his will.[1]

[1] County of Sacramento v. Lewis. 523 U.S. 833 (1998); Youngberg v. Romeo, 457 U.S. 307, 315 (1982)

47. On or about March 10, 2007 Defendants and personnel under the control and direction of Steve Klehr, Andy Bohlen, Lakeville Police Department, and Dakota County Sheriff Department forcibly entered plaintiff's residence under the pretext of a search warrant and unlawfully arrested plaintiff.

48. On or about March 10, 2008 Defendant Steve Klehr drafted a warrant application and warrant to perform a search of plaintiff's residence with the intent to forcibly arrest plaintiff. Defendant Steve Klehr did not apply for or receive a warrant to arrest plaintiff.

49. The entering of plaintiff's home by defendants with premeditated intent to arrest plaintiff without arrest warrant violates plaintiff's rights and protections under 42 U.S.C. 1983, amendments IV, V, and XIV of the United States Constitution, and applicable Minnesota state laws.

50. WHEREFORE, Plaintiff demands judgment for the false arrest against the defendants Steve Klehr, Andy Bohlen, Lakeville Police Department and Dakota County Sheriff Department jointly and severally, for actual, general, special, compensatory damages in the amount of $25,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive[2] damages in the amount of $25,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

2 "Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights. Smith v. Wade, 461 U.S. 30, 50-51 ((1983)

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

51. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

52. The action of unlawful arrest of the plaintiff by defendants and other personnel directly lead to the unlawful detention and confinement of the plaintiff by Dakota County Sheriff Department for a period of six days.

53. The unlawful detention and confinement of the plaintiff by defendants violates plaintiff's rights and protections under 42 U.S.C. 1983, amendments IV, V, and XIV of the United States Constitution, and applicable Minnesota state laws.

54. WHEREFORE, Plaintiff demands judgment for unlawful detention and cofinement against the

defendants Steve Klehr, Andy Bohlen, Lakeville Police Department and Dakota County Sheriff Department

jointly and severally, for actual, general, special, compensatory damages in the amount of $25,000 and

further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the

amount of $25,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be

just and equitable.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

55. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through

54 above with the same force and effect as if herein set forth.

56. Defendants did individually and as a group on more than one occasion conspire to violate plaintiff's

rights and protections under 42 U.S.C. 1983, amendments IV, V, and XIV of the United States Constitution,

and applicable Minnesota state laws.

57. Defendants John Grant, Adam MacDonald, Andy Speakman, Dakota County Drug Task Force, Dakota

County Sheriff Department and Bio-Tec Emergency Services conspired to deprive and destroy plaintiff's

property without due process, and in direct violation of court order and warrant, specifically by destroying

chemicals, equipment and other items belonging to the plaintiff. The items destroyed by the defendants are

valued at approximately $6,000.

58. Defendants John Grant, Adam MacDonald, Dakota County Drug Task Force, Dakota County Attorney's

Office and Dakota County conspired to, and successfully deprived plaintiff of his rights under Amendment I

of the United States Constitution, specifically by seeking, receiving and granting a court order forcing plaintiff to remove speech and photographs from his public website.

59. Defendants John Grant, Adam MacDonald, Dakota County Drug Task Force and Dakota County Attorney's Office conspired and attempted to imprison, penalize and otherwise punish plaintiff by negligently accusing plaintiff of running another website in contempt of court.

60. Defendants John Grant, Adam MacDonald, Dakota County Drug Task Force and Dakota County Attorney's Office conspired and successfully deprived plaintiff of plaintiff's right to a contested omnibus hearing by means of filing and scheduling last minute motions and hearings concerning plaintiff's website(s) during plaintiff's pre-scheduled contested omnibus hearings.

61. Defendants John Grant, Andy Speakman, Adam MacDonald, Dakota County Drug Task Force, Andy Bohlen and Lakeville Police Department conspired to frame, convict, imprison and deprive plaintiff of various protected rights by knowingly and falsely claiming and supporting the allegation that plaintiff's chemicals and chemistry equipment was a methamphetamine lab.

62. Defendants John Grant, Andy Speakman, Adam MacDonald, Dakota County Drug Task Force and Bio-Tec Emergency Services conspired to destroy critical exculpatory evidence that supported the defense of the plaintiff in the criminal matter and that the state had a constitutional duty to turn over to plaintiff.

63. WHEREFORE, Plaintiff demands judgment for conspiracy against the defendants John Grant, Adam MacDonald, Dakota County Drug Task Force, Dakota County Attorney's Office, Dakota County and Bio-Tec Emergency Services, jointly and severally, for actual, general, special, compensatory damages in the amount of $100,000 and further demands judgment against each of said Defendants, jointly and severally,

for punitive damages in the amount of $50,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 4: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

64. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 63 above with the same force and effect as if herein set forth.

65. Defendants refused or neglected to prevent, limit or remedy their actions and conduct as detailed throughout this complaint, leading to further damages and depravation of various rights of the plaintiff.

66. At all times relevant to this Complaint, Defendants Adam MacDonald and Andy Speakman as agents of the Dakota County Drug Task Force were acting under the direction and control of Defendant John Grant, Don Gudmenson, and Defendants Dakota County Sheriff Department and Dakota County.

67. At all times relevant to this Complaint, Defendants Andy Bohlen and Steve Klehr as officers of the Lakeville Police Department were acting under the direction and control of Defendant Lakeville Police Department, and Defendant City of Lakeville.

68. At all times relevant to this Complaint, Defendant Dakota County Attorney's Office was acting under the direction and control of Defendant Dakota County, functioning as a municipality.

69. At all times relevant to this Complaint, Defendant Dakota County, serving function as the county court, was acting under the direction and control of Defendant Dakota County, functioning as a municipality.

70. At all times relevant to this Complaint, Defendant Bio-Tec Emergency Services, as agents/contractors of Defendant Dakota County Drug Task Force, was acting under the direction and control of Defendants Adam MacDonald, John Grant, and Dakota County Drug Task Force.

71. Defendant Bio-Tec Emergency Services additionally acted on its own authority as an independent business.

72. Acting under color of law and pursuant to official policy or custom, John Grant, Adam MacDonald, Don Gudmenson, Dakota County Drug Task Force, Dakota County Sheriff Department, Dakota County, Lakeville Police Department, City of Lakeville and Bio-Tec Emergency Services knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers and contractors in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Minnesota; and

(d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

73. Defendants John Grant, Adam MacDonald, Don Gudmenson, Dakota County Drug Task Force, Dakota County Sheriff Department, Dakota County, Lakeville Police Department, City of Lakeville and Bio-Tec Emergency Services had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants John Grant, Adam MacDonald, Don

Gudmenson, Dakota County Drug Task Force, Dakota County Sheriff Department, Dakota County and Bio-Tec Emergency Services had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

74. Defendants John Grant, Adam MacDonald, Don Gudmenson, Dakota County Drug Task Force, Dakota County Sheriff Department, Dakota County, Lakeville Police Department, City of Lakeville and Bio-Tec Emergency Services directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers and contractors heretofore described and detailed throughout this complaint.

75. As a direct and proximate cause of the negligent and intentional acts of Defendants John Grant, Adam MacDonald, Don Gudmenson, Dakota County Drug Task Force, Dakota County Sheriff Department, Dakota County and Bio-Tec Emergency Services as set forth in paragraphs 76-78 above, Plaintiff suffered loss of personal property, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

76. WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $250,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: VIOLATION OF DUE PROCESS

77. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 76 above with the same force and effect as if herein set forth.

78. Various defendants thru action, inaction, negligence, or intentional acts, under color of law violated plaintiff's due process rights under Amendments four and fourteen of the United States Constitution.

79. Various defendants by action, inaction, negligence, or intentional acts, under color of law violated Plaintiffs right to due process under the Minnesota Civil Rights Act and various laws of the State of Minnesota.

80. Defendants Steve Klehr, Andy Bohlen, and Lakeville Police Department did intentionally seek, receive and execute a warrant lacking in particularity.

81. Defendant Andy Bohlen, as the leader of a search team executing a warrant was duty bound to abide by the terms of the warrant. Andy Bohlen and search team under his control violated said warrant.

82. Defendant Andy Bohlen and Lakeville Police Department violated plaintiff's right to due process under Article Fives and Article Fourteen of the United States Constitution by removing property without warrant and by removing property with insufficient warrant, and without due process of law.

83. Defendant Dakota County, acting as the court, erred in issued a warrant that lacked particularity and was not appropriate for the probable cause presented by defendant Steve Klehr.

84. Based on information gathered from issuance of the first insufficient warrant, and defendant's Andy Bohlen's violation of terms of said warrant, a second warrant was issued by Dakota County.

85. Defendants John Grant, Andy Speakman, Adam MacDonald, Dakota County Drug Task Force and Bio-Tec Services violated stated terms of said warrant by intentionally and neglectfully destroying defendant property.

86. Defendants John Grant, Andy Speakman, Adam MacDonald, Dakota County Drug Task Force and Bio-Tec Services violated plaintiff's right to due process under Article Fourteen of the United States Constitution by intentionally and neglectfully destroying exculpatory evidence.

87. Defendants John Grant, Andy Speakman, Adam MacDonald, Dakota County Drug Task Force and Bio-Tec Services violated plaintiff's rights under Amendment Five and Fourteen by depriving plaintiff of property without due process of law.

88. Defendants John Grant, Andy Speakman, Dakota County Drug Task Force and other unknown agents of the Dakota County Drug Task Force did violate plaintiff's right to due process under Article Fourteen of the United States Constitution by tampering with evidence and negligently failing to properly document and control an alleged crime scene.

89. Defendants City of Lakevile, Don Gudmenson, Dakota County Sheriff Department, Lakeville Police Department, John Grant and Dakota County are liable under the doctrine of respondeat superior.

90. WHEREFORE, Plaintiff demands judgment for violations of due process against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $150,000 and

further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $50,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 6: MALICIOUS ABUSE OF PROCESS

91. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 90 above with the same force and effect as if herein set forth.

92. Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

93. Defendants John Grant, Adam MacDonald, Andy Speakman, and Dakota County Drug Task Force acting under color of law, did investigate plaintiff's residence and plaintiff.

94. Defendants John Grant, Adam MacDonald, Andy Speakman and Dakota County Drug Task Force acting under color of law and using their positions of legal authority did create, push and further the idea that plaintiff had intent to manufacture methamphetamine and that plaintiff's chemicals and equipment were part of an intent by plaintiff to manufacture methamphetamine.

95. Defendants John Grant, Adam MacDonald, Andy Speakman and Dakota County Drug Task Force, did have sufficient reason, grounds, facts and knowledge to reasonably conclude that plaintiff did not have a methamphetamine lab or proper components for methamphetamine manufacture or intent to manufacture methamphetamine.

96. Personnel from Dakota County Drug Task Force were presented or otherwise obtained evidence indicating the unlikelihood that plaintiff had intent to manufacture methamphetamine.

97. John Grant, Andy Speakman, Adam MacDonald and Dakota County Drug Task Force destroyed exculpatory evidence supporting that plaintiff did not produce or have intent to produce methamphetamine or any other controlled substance.

98. Defendants Dakota County Drug Task Force, Adam MacDonald and John Grant selectively ignored or omitted evidence that plaintiff had no intent to manufacture methamphetamine.

99. Defendant Dakota County Drug Task Force and its agents including named defendants in this action did push, endorse, support and further a criminal complaint against the plaintiff alleging possession of substances with intent to manufacture methamphetamine, a felony under Minnesota state law.

100. Defendants Dakota County Drug Task Force continued to support the idea that plaintiff intended to manufacture methamphetamine for over one year.

101. Defendants John Grant and Adam MacDonald intentionally and maliciously pursued plaintiff by means of the Dakota County Attorney's Office in an attempt to imprison, penalize or otherwise punish plaintiff for exercising plaintiff's protected rights under Article One of the United State Constitution and the Constitution of the State of Minnesota.

102. Defendant Dakota County Attorney's Office intentionally and maliciously pursued and prosecuted plaintiff in an attempt to imprison, penalize and otherwise plaintiff for exercising plaintiff's protected rights under Article One of the United States Constitution and the Constitution of the State of Minnesota.

103. Defendants City of Lakeville, Don Gudmenson, Dakota County Sheriff Department, Lakeville Police Department, John Grant and Dakota County are also liable under the doctrine of respondeat superior.

104. WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 7: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

105. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 104 above with the same force and effect as if herein set forth.

106. Defendants intentionally and deliberately inflicted emotional distress on plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating plaintiff's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against plaintiff, or by interfering with plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

107. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

108. The actions of the Defendants were the cause of plaintiff's distress.

109. Plaintiff Joseph Franco is a reasonable man.

110. The emotional distress sustained by plaintiff was severe and of a nature that no reasonable man

could be expected to endure.

111. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the direct, indirect actions and results of the actions of the defendants.

112. Defendants City of Lakeville, Dakota County, John Grant, and Lakeville Police Department are also liable under the doctrine of respondeat superior.

113. Intentional infliction of emotional distress is a tort or the direct results of torts recognized under Minnesota State Law.

114. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

115. WHEREFORE, Plaintiff demands judgment, jointly and severally against all Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## COUNT 8: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

116. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 115 above with the same force and effect as if herein set forth.

117. Defendants continually negligently inflicted emotional distress on the Plaintiff.

118. Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiff.

119. Defendants breached their duties to the plaintiff.

120. The plaintiff never interfered with the defendants' obligations under the above-described duties.

121. Plaintiff suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty.

122. Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

123. Defendants City of Lakeville, Dakota County, John Grant, and Lakeville Police Department are also liable under the doctrine of respondeat superior.

124. WHEREFORE, Plaintiff demands judgment, jointly and severally against all Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.


## COUNT 9: VIOLATION OF MINN. STAT. 609.765 CRIMINAL DEFAMATION

125. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 124 above with the same force and effect as if herein set forth.

126. Defendant John Grant, acting under color of law, on more than one occasion did,

(a) with knowledge of its defamatory character orally, in writing or by any other means, communicated defamatory matter about the plaintiff to a third person without the consent of the person defamed.

(b) made false and untrue statements concerning the plaintiff, knowing, or should have reasonably known to be untrue.

(c) defamed the plaintiff on more than one occasion.

127. Defendant John Grant's actions of criminal defamation have exposed plaintiff to hatred, contempt, ridicule, degradation or disgrace in society, or injury to business or occupation.

128. Defendant John Grant's actions of defamation, liable and slander are torts under Minnesota State Law.

129. Defendants' actions caused damages to the plaintiff.

130. Plaintiff is entitled to seek and collect damages resulting from Defendants' actions under Minnesota State Law.

131. Defendants Dakota County Drug Task Force, Dakota County Sheriff Department, Don Gudmenson and Dakota County are also liable under the doctrine of respondeat superior.

132. WHEREFORE, Plaintiff demands judgment against Defendants John Grant, Dakota County Drug Task Force, Dakota County Sheriff Department, Don Gudmenson and Dakota County jointly and severally, for actual, general, special, compensatory damages in the amount of $100,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $50,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 10: VIOLATION OF MINN. STAT. 626.04 FAILURE TO RETAIN PROPERTY**

133. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 132 above with the same force and effect as if herein set forth.

134. Defendants John Grant, Adam MacDonald, Andy Speakman, unknown agents of Dakota County Drug Task Force, and Dakota County Drug Task Force, acting under color of law, violated Minn Stat. 626.04(a) by failing to keep and retain property belonging to, and seized from the Plaintiff.

135. Specifically, defendants listed in paragraph #137 failed to retain and destroy plaintiff's chemicals, lab equipment, books, notes and other property items in violation of search warrant and Minn. Stat. 626.04(a).

136. Defendants' actions caused damages to the plaintiff.

137. Plaintiff is entitled to seek and collect damages resulting from Defendants' actions under Minnesota State Law.

138. Defendants Dakota County Drug Task Force, Dakota County Sheriff Department, Don Gudmenson and Dakota County are also liable under the doctrine of respondeat superior.

139. WHEREFORE, Plaintiff demands judgment against Defendants John Grant, Dakota County Drug Task Force, Dakota County Sheriff Department, Don Gudmenson and Dakota County jointly and severally, for actual, general, special, compensatory damages in the amount of $6,000 and further demands judgment

against each of said Defendants, jointly and severally, for punitive damages in the amount of $25,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 11: VIOLATION OF MINN. STAT. 609.43: MISCONDUCT OF PUBLIC OFFICER OR EMPLOYEE

140. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 139 above with the same force and effect as if herein set forth.

141. The actions of all defendants individually and collectively acting under color of law, as detailed throughout this complaint constitute misconduct of a public officer or employee as defined by Minn. Stat. 609.43 (1) – (3).

142. Defendants' actions caused damages to the plaintiff.

143. Plaintiff is entitled to seek and collect damages resulting from Defendants' actions under Minnesota State Law.

144. Defendants Dakota County Drug Task Force, Dakota County Sheriff Department, Don Gudmenson, Lakeville Police Department, City of Lakeville, Bio-Tec Emergency Services and Dakota County are also liable under the doctrine of respondeat superior.

145. WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $3,000 and further demands judgment against each

of said Defendants, jointly and severally, for punitive damages in the amount of $3,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 12: VIOLATION OF MINN. STAT. 609.47 INTERFERENCE WITH PROPERTY IN OFFICIAL CUSTODY

146. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 145 above with the same force and effect as if herein set forth.

147. Defendants Adam MacDonald and Andy Bohlen interfered with property in official custody, a violation of Minn. Stat. 609.47, specifically by,

(a) removing  exhibits, documents and items connected to Dakota County case no. 19-C2-07-013403,  from the Western Service Center court administration without warrant. Said exhibits, documents and items are the property of plaintiff and constitute evidence against the defendants in this and other actions.

148. Defendants Adam MacDonald, John Grant, Andy Speakman, Dakota County Drug Task Force and Bio-Tec Emergency services interfered with property in official custody, a violation of Minn. Stat. 609.47, specifically by,

(a) Ordering, destroying and facilitating the destruction of seized property in direct violation of search warrant and Minn. Stat. 626.04.

149. Defendants' actions caused damages to the plaintiff.

150. Plaintiff is entitled to seek and collect damages resulting from Defendants' actions under Minnesota State Law.

151. Defendants Dakota County Drug Task Force, Dakota County Sheriff Department, Don Gudmenson, John Grant, Lakeville Police Department, City of Lakeville, Bio-Tec Emergency Services and Dakota County are also liable under the doctrine of respondeat superior.

152. WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $6,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $12,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 13: VIOLATION OF MINN. STAT. 609.77 FALSE INFORMATION TO NEWS MEDIA

153. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 152 above with the same force and effect as if herein set forth.

154. Defendant John Grant, acting under color of state law, on more than one occasion, knowing or having reasonably should have known his statements to be false, did with the intent that it be published or disseminated and that it defame plaintiff, did communicate to any newspaper, magazine or other news media, any statement, knowing it to be false.

155. Defendant John Grant's, actions as stated in paragraph #158 are a violation of Minn. Stat. 609.77.

156. Defendant's actions caused excessive and unreasonable damages to the plaintiff.

157. Plaintiff is entitled to seek and collect damages resulting from Defendants' actions under Minnesota State Law.

158. Defendants Dakota County Drug Task Force, Dakota County Sheriff Department, Don Gudmenson and Dakota County are also liable under the doctrine of respondeat superior.

159. WHEREFORE, Plaintiff demands judgment against Defendants John Grant, Dakota County Drug task Force, Dakota County Sheriff's Department, Don Gudmenson and Dakota County, jointly and severally, for actual, general, special, compensatory damages in the amount of $250,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $50,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

---

## QUALIFIED IMMUNITY

160. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 159 above with the same force and effect as if herein set forth.

161. Defendants' are not entitled to qualified, special or any other immunity in this action as defendants' actions individually and collectively are breach of duty, intentional violation of Plaintiff's rights while acting

under color of law, malicious, excessive, grossly negligent or intentional to such an extent that immunity

does not apply.


162. Defendants' conduct and actions violate clearly established statutory or constitutional rights of which a

reasonable person would have known.[3]


163. Plaintiff challenges and reserves the right to challenge by pleadings, testimony, exhibits or by any other

means allowable, any claim or statement of affirmative defense of qualified or special immunity from any

defendant.


[3] Harlow, 457 U.S. at 817

---

Respectfully Submitted,

JOSEPH FRANCO
4001 160th Street East #B
Rosemount, MN  55068
(952) 201-1938

9 March 2009


## PLAINTIFF'S VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the
foregoing pleading, and the facts stated therein are true.

Date: 3/9/2009          by:


Subscribed and sworn to before me, this
9th day of March 2009

_____
Notary Public



NICHOLAS ALAN KANNE
Notary Public
Minnesota
My Commission Expires January 31, 2011