# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Joseph Michael Franco,** | Civil No. 09-552 JRT/SRN |
| **Plaintiff,** | REPORT & RECOMMENDATION |
| v. | |
| **John Grant, Andy Speakman, Adam MacDonald, Other Unknown Agents of Dakota County Drug Task Force, Don Gudmenson, Dakota County Drug Task Force, Dakota County Sheriff Department, BioTec Emergency Services, Andy Bohlen, Steve Klehr, Lakeville Police Department, City of Lakeville, Dakota County Attorney's Office, and County of Dakota,** | |
| **Defendants.** | |

Joseph Michael Franco, 4001 160th Street East, Unit B, Rosemount, Minnesota 55068, Pro Se

Stephanie A. Angolkar, Iverson Reuvers, 9321 Ensign Ave. South, Bloomington, Minnesota 55438 for Defendants Grant, Speakman, MacDonald, Other Unknown Agents of Dakota County Drug Task Force, Don Gudmenson, Dakota County Drug Task Force, Dakota County Sheriff Department, Andy Bohlen, Steve Klehr, Lakeville Police Department, City of Lakeville, Dakota County Attorney's Office and Dakota County

Karolina Konczyk, Johnson & Turner, PA, 56 E. Broadway Ave., Suite 206, Forest Lake, Minnesota 55025, for Defendant BioTec Emergency Services

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the Court on the Motion to Dismiss brought by Defendants John Grant, Andy Speakman, Adam MacDonald, Other Unknown Agents of Dakota County Drug Task Force, Don Gudmenson, Dakota County Drug Task Force, Dakota County Sheriff Department, Andy Bohlen, Steve Klehr, Lakeville Police Department, City of Lakeville, Dakota County Attorney's Office and Dakota County (collectively referred to as the "Task Force Defendants") (Doc. No. 13) and the Motion to Dismiss brought by Defendant BioTec Emergency Services ("BioTec") (Doc. No. 17). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 42 U.S.C. § 636 and Local Rule 72.1.

I.  **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Joseph Michael Franco commenced this action in March 2009, seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights and under Minnesota state law for various state tort and statutory claims. Plaintiff seeks $250,000 in compensatory damages and $50,000 in punitive damages. (Complaint ¶ 159.) This case arises from events related to Plaintiff's March 10, 2007 arrest, the execution of two search warrants and the removal from his home of weapons and chemicals as suspected evidence of a methamphetamine laboratory. Defendants are several law enforcement officers and officials, sued in their individual and official capacities, law enforcement entities and one individual entity, Defendant BioTec Emergency Services.

On March 10, 2007, Lakeville Police Officers responded to a report of domestic assault at Plaintiff's Lakeville, Minnesota home. (Aff. of Stephanie Angolkar, Dakota County Criminal Complaint, Ex. A.) When officers arrived, they observed Plaintiff's wife fleeing the residence

2

with several small children. (Id.) Plaintiff's wife told officers that her husband was inside, with numerous loaded firearms. In addition, she stated that Plaintiff had become upset and pointed a loaded assault rifle at her head. Plaintiff's wife also reported that when she initially attempted to phone 911, Plaintiff prevented her from using the telephone. After a standoff of several hours, Plaintiff voluntarily left the house and officers arrested him. (Id.) Plaintiff alleges that the officers forcibly entered his residence and unlawfully arrested him without a warrant, which he characterizes as "false arrest," in violation of his rights under the Fourth, Fifth and Fourteenth Amendments (Complaint ¶¶ 47-50.)

Defendant Steve Klehr of the Lakeville Police Department applied for and received a warrant to search Plaintiff's residence the same day. (Complaint ¶ 28.) Plaintiff alleges that this warrant lacked sufficient particularity and violated his due process rights. (Complaint ¶¶ 80-83.) When officers entered Plaintiff's home, they found multiple firearms and numerous chemicals believed to be used in the preparation of methamphetamine. (Dakota County Criminal Complaint, Ex. A to Angolkar Aff.) Officers removed approximately twenty items, including firearms and other property. (Complaint ¶ 31.)

Plaintiff alleges that officers of the Dakota County Drug Task Force and Lakeville Police Department then applied for and received a second search warrant. (Complaint ¶ 32.) During the execution of this warrant, the Drug Task Force officers seized over seventy items, including chemicals and chemistry equipment. (Complaint ¶ 34.) The officers retained the services of Defendant BioTec to assist in the removal of this property. (Complaint ¶ 35.) Plaintiff's home was then sealed and condemned as a "clandestine methamphetamine laboratory." (Complaint ¶ 36.) Plaintiff was required to obtain testing and provide results to the county, at his own

expense, to establish that the home was not contaminated. (Id.)

Defendant John Grant, Captain of the Drug Task Force, made statements to local news media regarding Plaintiff, his residence, chemicals and methamphetamine. (Complaint at ¶ 37.) Plaintiff alleges that Defendants conspired to deprive and destroy his property – specifically chemicals and other equipment – without due process and "in direct violation of court order and warrant." (Complaint ¶ 57.) In addition, Plaintiff alleges that the issuance and execution of the second search warrant further violated his due process rights, arguing that Defendants destroyed exculpatory evidence, tampered with evidence and failed to properly document and control an alleged crime scene. (Complaint ¶¶ 85-90.)

On March 13, 2007, the Dakota County Attorney's Office charged Plaintiff with second degree assault, interference with an emergency call, possession of substances with intent to manufacture methamphetamine and child endangerment related to possession of substances with intent to manufacture methamphetamine. (Complaint ¶ 38.) Plaintiff alleges that as a result of his arrest, he was unlawfully detained for a period of six days, in violation of his Fourth, Fifth and Fourteenth Amendment rights. (Complaint ¶¶ 52-53.)

On March 28, 2007, Dakota County's Environmental Management Department unsealed Plaintiff's home after receiving test results indicating no contamination of the residence. (Complaint ¶ 36.) At a June 5, 2007 Dakota County eviction hearing in which Plaintiff and his spouse were named defendants, Defendants MacDonald, Klehr, Bohlen and other Lakeville Police Department staff presented evidence against Plaintiff. (Complaint ¶ 39.) In this civil eviction proceeding, Plaintiff alleges that the Dakota County District Court concluded that

Plaintiff did not intend to manufacture methamphetamine. (Id.)[1]  Plaintiff therefore alleges that Defendants Grant, Speakman, MacDonald, Bohlen, the Lakeville Police Department and the Dakota County Drug Task Force "conspired to frame, convict, imprison and deprive Plaintiff of various protected rights by knowingly and falsely claiming and the supporting the allegation that Plaintiff's chemicals and chemistry equipment was [sic] a methamphetamine lab." (Complaint ¶61.)  Plaintiff also alleges that Defendants Grant, Speakman, MacDonald, the Dakota County Drug Task Force and BioTec conspired to destroy exculpatory evidence (Complaint ¶ 62), and that Defendants' actions with respect to the methamphetamine-related search warrant and charges constitute a malicious abuse of process. (Complaint ¶¶ 91-104.)  He further claims that Defendants' allegedly malicious actions constituted intentional infliction of emotional distress and negligent infliction of emotional distress. (Complaint ¶¶ 105-124.)

Plaintiff alleges that on approximately July 24, 2007, the Dakota County Attorney's Office, one of the Task Force Defendants, moved for an order requiring Plaintiff to remove written statements and photographs from his internet website relating to the March 10, 2007 incident at Plaintiff's home and to refrain from publishing such materials. (Complaint ¶ 40.)  On September 27, 2007, Plaintiff alleges that Defendants Adam MacDonald, Andy Bohlen and John Grant provided the Dakota County Attorney's Office "with materials from the internet to be used

---

[1] The record, however, is slightly more equivocal.  At the eviction hearing, the Honorable Rex Stacey, Dakota County Court Judge stated, "It's certainly been shown by a preponderance of the evidence, meaning that it's more likely true than not true, that you had chemical precursors to the manufacture of methamphetamine.  But I can't say it's a meth lab.  I can't say you had the intent to manufacture methamphetamine.  It's certainly been proved by a preponderance of the evidence that you both endangered three minor children by permitting loaded weapons to lie out unsecured." (Dakota County Hearing Transcript of June 4-5, 2007, Country View Manufactured Home Park v. Franco, et al., Ex. A to Pl.'s Mem. Opp'n Defs.' Mot. Dismiss, Doc. No. 22.)

against Plaintiff." (Complaint ¶ 41.) Plaintiff alleges that on November 1, 2007, Defendants MacDonald, Grant and the Dakota County Attorney's Office attempted to prosecute Plaintiff for contempt of court for alleged publication of materials and statements related to the March 10, 2007 incident. (Complaint ¶ 42.) Plaintiff alleges that these hearings and filings with respect to his website, "interfered with Plaintiff's scheduled contested omnibus hearings." (Complaint ¶¶ 43; 60.) Further, Plaintiff alleges that the actions of these Defendants deprived him of his First Amendment rights by "seeking, receiving and granting a court order forcing Plaintiff to remove speech and photographs from his public website." (Complaint ¶ 58.)

On July 24, 2008, Plaintiff pled guilty to second-degree assault and fifth-degree controlled substance offense, while the charges for possession of substances with intent to manufacture methamphetamine, interference with an emergency call and child endangerment were dismissed as part of a plea agreement. (Complaint ¶ 44; Dakota County District Court Order of 3/9/09 at ¶¶ 2-3, Ex. D to Angolkar Aff.)

Subsequently, Plaintiff and his wife filed a proceeding in conciliation court in Dakota County and the Dakota County Attorney apparently filed forfeiture claims which were consolidated into one proceeding and decided by a bench trial on November 12 and 24, 2008. (Dakota County District Court Order of 3/9/09, Ex. D to Angolkar Aff.) The Dakota County District Court described the seized property taken in connection with the search warrants – primarily loaded and unloaded weapons – including the following: two loaded stainless .45 ACP magazines, a Beretta .22 long rifle, a .45 semi-automatic pistol, a rifle, an assault rifle magazine rack, an assault rifle barrel, a bag of miscellaneous AK47 parts, a bottle of potassium cyanide, an assault rife, a 12-gauge shotgun, an AK47 assault rifle, an ammunition box containing

ammunition, two knives and loaded magazines, an AK47 bayonet, a Carbine semi-automatic pistol, a Colt .44 revolver, a 9 mm semi-automatic pistol, a military SKS assault rifle kit with loaded magazines, two boxes of 9 mm ammunition, gas mask filters, and a box of .44 magnum ammunition. (Id. at ¶ 4.) Pursuant to the execution of the second search warrant, which was for methamphetamine and its precursors, components and glassware, officers found cocaine. (Id. at 5.) Plaintiff did not contest the searches and seizures which led to his guilty pleas and did not appeal from his convictions and disposition on those charges. (Id.). Based on the underlying facts of the case, the Dakota County District Court concluded that there was clear and convincing evidence supporting the forfeiture of Plaintiff's weapons under Minnesota state law. (Id. at 8.) The court found that Plaintiff had not produced any evidence to rebut the statutory presumption that his firearms and accessories were subject to forfeiture and that there was, in contrast, ample evidence supporting the forfeiture. (Id. at 12.)

In this action, in addition to the constitutional claims described above, Plaintiff also brings Minnesota statutory claims for criminal defamation, failure to retain property, misconduct of a public officer or employee, interference with property in official custody and providing false information to news media. (Complaint, Counts 9-13.)

The Task Force Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has not stated a claim upon which this Court can grant relief and that Defendants are entitled to judgment as a matter of law. Specifically, the Task Force Defendants argue that the Dakota County Sheriff's Department, Dakota County Attorney's Office and Lakeville Police Department are not legal entities subject to suit; that Plaintiff's § 1983 claims fail because his claims are related to a conviction or sentence that has not been

7

invalidated; and that his state tort claims and statutory claims fail as a matter of law.

Defendant BioTec also moves to dismiss pursuant to Rule 12(b)(6), arguing that, as a private company, it is not subject to § 1983 claims and the narrow exceptions for such liability are not applicable here. To the extent that Plaintiff states a cognizable constitutional claim against it, BioTec argues that it fails to state a claim upon which relief may be granted. Finally, Defendant BioTec argues that Plaintiff fails to state cognizable state tort and statutory claims.

## II. DISCUSSION

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss Plaintiffs claims, arguing that the Complaint fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion to dismiss, "we must assume that all the facts alleged in the complaint are true" and generally construe the complaint in the light most favorable to the plaintiff. E.g., Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). "The complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal," DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002), and must contain enough facts to state a claim for relief "that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __ (2009); 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although pro se complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999)

8

(quotations omitted), cited with approval in Palmer v. Clarke, 408 F.3d 423, 444 n.15 (8th Cir. 2005).

In general, the Court may not consider materials outside the pleadings on a motion to dismiss. However, when considering a motion to dismiss under Rule 12(b)(6), a court may consider some materials that are part of the public record or do not contradict the complaint. Faibisch, 304 F.3d at 802; Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999), cert. denied, 527 U.S. 1039 (1999), as well as materials that are "necessarily embraced by the pleadings." Piper Jaffray Cos. v. National Union Fire Ins. Co., 967 F.Supp. 1146, 1152 (D. Minn. 1997). See also Stahl v. United States Dep't of Agriculture, 327 F.3d 697, 700 (8 Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 199 (1990) (court may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint').

The Task Force Defendants submitted the Affidavit of Stephanie A. Angolkar with their Motion to Dismiss, to which certain documents were attached, including a Dakota County District Court criminal complaint filed against Defendant on March 13, 2007 ("Dakota County Criminal Complaint"), and a Dakota County District Court Findings of Fact, Conclusions of Law, Order and Order for Judgment dated March 9, 2009 ("Dakota County Judgment"). Many of the facts in these two documents are likewise found in the Complaint in the instant matter and both the Dakota County Criminal Complaint and the Dakota County Judgment are public records as well. Moreover, Plaintiff agrees that the Court may take judicial notice of opinions in an underlying action or consider items in the public record. (Pl.'s Mem. Opp'n Mot. Dismiss at 2.)

9

Plaintiff, in turn, submitted items that he considers to be matters of public record, including a portion of a hearing transcript and the second search warrant, return and inventory. (Exs. to Pl.'s Mem. Opp'n Mot. Dismiss, Doc. No. 22) Accordingly, as legal authority permits it and the parties do not disagree, the Court will consider the public records submitted by the parties in its consideration of Defendants' Motions to Dismiss.

**B.     Entities Subject to Suit**

**1.     Private Entity**

Under 42 U.S.C. § 1983, a person acting under color of state law, may be held liable for constitutional violations. The Supreme Court has stated that its jurisprudence under § 1983 tries to "plot a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not." Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001). But for certain narrow exceptions, a private entity is not subject to claims of constitutional violations under § 1983, "unless there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Id. (citation omitted.)

Defendant BioTec is a company with a branch in Lindstrom, Minnesota (Complaint ¶ 12), engaged in the business of bio-hazard abatement and crime scene clean-up. Plaintiff alleges "Defendant BioTec Emergency Services acted without color of state law as a company." (Complaint ¶ 24.) As a private entity, BioTec may not be liable under § 1983, absent a showing that its conduct amounted to "state action." Nothing in the Complaint demonstrates the necessary close nexus between the state action and the challenged action such that BioTec's conduct may be fairly treated as that of a state actor, subjecting it to liability under § 1983.

Plaintiff himself concedes in the Complaint that BioTec "acted without color of state law as a company." Accordingly, the Court recommends that BioTec's Motion to Dismiss be granted as to Plaintiff's federal claims.

## 2. County and Municipal Sub-Entities

The Dakota County Sheriff's Department, Dakota County Attorney's Office and Lakeville Police Department argue that they are not legal entities separate from their respective county or city organizations and therefore are not entities which may be sued.

A municipal police department is not a cognizable legal entity, or person, subject to suit under § 1983, but is simply part of a larger municipality. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"); Ricketts v. City of Hartford, 74 F.3d 1397, 1400 n. 1 (2d Cir.) (same), cert. denied, 519 U.S. 815 (1996); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (same). This Court has similarly held that a sheriff's department is not subject to suit as it does not have a legal existence separate from the county, Polta v. City of St. Paul Police Dep't, 06-CV-1014 (PAM/AJB), 2006 WL 1174210 at * 2 (D. Minn. May 1, 2006). Therefore, the Dakota County Sheriff's Department is not a legal entity subject to suit here and the Court likewise reaches the same conclusion with respect to the Dakota County Attorney's Office, as it also does not have a legal existence separate from Dakota County.

In certain instances, depending on the allegations in the pleadings, a police department may be subject to liability under § 1983, where the claimant shows that the action alleged to be unconstitutional involves the implementation or execution of a policy statement, ordinance,

11

regulation or decision officially adopted and promulgated by the department, or that a constitutional deprivation occurred pursuant to governmental "custom," even though such a custom has not received formal approval through the body's official decision-making channels. See Tilson v. Forrest City Police Dep't, 28 F.3d 802, 807 (8th Cir. 1994). Nothing in the record establishes that a county or city policy caused the constitutional deprivations allegedly experienced by Plaintiff. See Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691-95 (1978) (holding that local government "may not be sued under § 1983 for an injury inflicted solely by its employees or agents" on a theory of respondeat superior unless execution of the government's policy or custom resulted in a deprivation of a constitutional right).

Plaintiff recites the following language, "acting under color of law and pursuant to official policy or custom . . ." before alleging that Defendants violated his constitutional rights by arresting and prosecuting him. (Complaint ¶ 72.) Such words alone, however, do not defeat the requirement that Plaintiff's allegations must state a facially plausible claim. A bare allegation such as that found in the Complaint, without factual allegations describing the policy and the details of the alleged conspiracy, is insufficient. Accordingly, because the Dakota County Sheriff's Department, Dakota County Attorney's Office and Lakeville Police Department cannot be sued in this action, and no exception to this general principle applies, the Court recommends their dismissal.

### C.     Section 1983 Claims

Plaintiff asserts claims for unlawful arrest, unlawful detention, malicious abuse of process, conspiracy and violations of due process. (Complaint ¶¶ 46-49, 52-54, 56-63, 65=76, 78-990, 92-104.)

12

Although Plaintiff was convicted of second-degree assault and fifth-degree possession of a controlled substance, he fails to demonstrate that his conviction or sentence has been invalidated. A reversal of his conviction or a finding of its invalidity is a necessary predicate for his recovery of § 1983 damages. As the United States Supreme Court found in <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

The Supreme Court, however, has described a limited instance in which a suit for § 1983 damages would not demonstrate the invalidity of an outstanding criminal judgment but may proceed nonetheless – a suit for damages attributable to an allegedly unreasonable search. <u>Id.</u> at 487 n. 7. There, due to doctrines like independent source, inevitable discovery and harmless error, "such a § 1983 action, even if successful, would not <u>necessarily</u> imply that the plaintiff's conviction was unlawful." <u>Id.</u> (emphasis in original). In order to recover compensatory damages in such a suit, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual compensable injury, which does not consist of the "injury" of conviction and imprisonment. <u>Id.</u>

Plaintiff's § 1983 claims are for constitutional violations relating to his arrest (Complaint, Count I), detention and confinement (<u>id.</u>, Count 2), conspiracy to destroy Plaintiff's property and interfere with his free speech regarding the March 10, 2007 incidents (<u>id.</u>, Count 3), refusing or

13

neglecting to prevent the alleged wrongs (id., Count 4), violation of due process (id., Count 5) and malicious abuse of process (id., Count 6). Therefore, the Task Force Defendants argue that a judgment in favor of Plaintiff's § 1983 claims would imply the invalidity of his conviction or sentence "because the events on March 10, 2007 leading to his conviction are not mutually exclusive." (Task Force Defs.' Reply Mem. Supp. Mot. Dismiss at 2.) Based on the holding of Heck v. Humphrey, in which the plaintiff's § 1983 claims were premised on malicious prosecution for the alleged destruction of exculpatory evidence, Plaintiff's claims stemming from his arrest, detention, confinement and prosecution are barred. To allow such claims to go forward in the absence of a ruling reversing Plaintiff's criminal convictions would permit a collateral attack on his conviction through the a civil suit. Heck v. Humphrey explicitly bars this type of litigation. See Alexander v. Monroe, 326 Fed. Appx. 977 (8th Cir. 2009) (holding § 1983 conspiracy claim barred by Heck v. Humphrey); Anderson v. Franklin County, 192 F.3d 1125, 1131 (8th Cir. 1999) (holding false arrest and imprisonment claims barred by Heck v. Humphrey).

  The remaining question is whether, to the extent that Plaintiff's claims challenge the validity of the searches of his home, such claims are also barred by the exception noted in Heck v. Humphrey, in which the plaintiff's civil action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment. Heck v. Humphrey, 512 U.S. 487 n. 7. Plaintiff alleges violation of due process, claiming that Defendants Klehr, Bohlen and the Lakeville Police Department intentionally sought, received and executed a warrant lacking in particularity, that Defendant Bohlen violated the terms of the warrant while executing it, that Bohlen and the Lakeville Police Department removed property subject to an insufficient warrant

14

and that Dakota County, as the issuing court, issued a warrant lacking in particularity and demonstrating insufficient probable cause. (Complaint ¶¶ 80-83.) Based on the first warrant and the constitutional infirmities regarding it, Plaintiff alleges that the second warrant issued. (Complaint ¶ 84.) Plaintiff alleges that Defendants Grant, Speakman, the Dakota County Drug Task Force and BioTec violated the terms of the warrant by destroying property. (Complaint ¶ 85. Finally, Plaintiff alleges that Defendants further conspired to deprive him of his First Amendment rights by seeking, and obtaining, a court order requiring him to remove from his website certain speech and photographs related to the March 10, 2007 incidents. (Complaint ¶¶ 58-60.)

Plaintiff never contested the searches and seizures that led to his guilty pleas and did not appeal from his convictions on those charges. (See Dakota County Judgment at 4, Ex. D to Angolkar Aff.) Unlike the exception noted in the footnote of Heck v. Humphrey, 512 U.S. 487 n. 7, in which a search that would otherwise be unconstitutional is remedied by doctrines like inevitable discovery or harmless error, there is no record of any such determination in Plaintiff's criminal proceedings. There is no such record because Plaintiff never contested the searches.[2] Plaintiff's convictions have not been invalidated. Nor is there any allegation that the state court ruling regarding publications on Plaintiff's website was invalidated, much less challenged. Plaintiff has not sufficiently pled facts which demonstrate that the searches were unlawful, or that the Task Force Defendants' actions were unlawful. Heck v. Humphrey therefore bars Plaintiff's § 1983 claims and the Court recommends the dismissal of Counts 1-7 of the

---

[2] The Court acknowledges that Plaintiff challenged the forfeiture of his property in a civil court proceeding. (See Dakota County Judgment, Ex. D to Angolkar Aff.)

Complaint.

### D.     State Tort and Statutory Claims

In addition to his § 1983 claims, Plaintiff also asserts state law claims.  The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), which permits a district court to exercise supplemental jurisdiction over claims that are part of the same case or controversy as the claims that fall within the court's original jurisdiction.  A district court has discretion to decline supplemental jurisdiction when "all claims over which it has original jurisdiction" have been dismissed.  28 U.S.C. § 1367(c)(3).  In most cases, when federal and state claims are joined and the federal claims are dismissed, the pendent state claims are dismissed without prejudice "to avoid '[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties.'"  Ivy v. Kimbrough, 115 F.3d 550, 552-53 (8 Cir. 1997) (alteration in original) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).   Having recommended the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction and recommends that Plaintiff's state law claims be dismissed without prejudice.

**THEREFORE, IT IS HEREBY RECOMMENDED THAT:**

1. The Task Force Defendants' Motion to Dismiss (Doc. No. 13) be **GRANTED** in part as to Plaintiff's federal claims (Counts 1-6), and **DENIED** in part as to Plaintiff's state law claims (Counts 7-13);

2. Defendant BioTec's Motion to Dismiss (Doc. No. 17) be **GRANTED** in part as to Plaintiff's federal claims (Counts 1-6), and **DENIED** in part as to Plaintiff's state law claims (Counts 7-13); and

3. Counts 7-13 of the Complaint be **DISMISSED WITHOUT PREJUDICE**.

Dated: January 29, 2010

                                                                s/Susan Richard Nelson
                                                                SUSAN RICHARD NELSON
                                                                United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **February 15, 2010,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.